THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GORDON J. PHILLIPS, Appellant.

County Court, Jefferson County, August 31, 1962.

*Gordon J. Phillips*, appellant in person. *Angus G. Saunders*, District Attorney (*Robert M. Weldon* of counsel), for respondent.

MILTON A. WILTSE, J. The defendant, a practicing attorney in the City of Watertown, has appealed from a judgment of conviction entered on February 16, 1962, for violation of subdivision 7 of section 73 of the Municipal Code of the City of Watertown, after a trial in the City Court of Watertown, before the Honorable HARRY J. GOODWIN, Acting City Judge.

The section of the Municipal Code referred to reads as follows: "73-7 INTOXICATION. No person shall be intoxicated in any street or public place."

Upon the trial, and the proceedings prior thereto, as well as upon this appeal, defendant has acted as his own counsel.

In his affidavit of errors, it is alleged, among other things, that "the Judgment of Conviction was against the weight of the evidence by reason of the fact that the People failed to prove beyond a reasonable doubt that your deponent was intoxicated."

The information charged that the offense was committed at about 15 minutes after 10 o'clock in the evening, on January 19, 1962, at Jasper's restaurant on Washington Street, in the City of Watertown. Thereafter, and on January 24, 1962, the defendant was arraigned in City Court, and entered a plea of not guilty. At the request of the defendant, disposition of the case was adjourned, and the trial held on February 16, 1962.

It appears from the transcript of the testimony, that the defendant had frequently visited the restaurant on prior occasions. On this particular evening, the proprietor stated that he did not believe the defendant to be intoxicated, but would not allow him to have another drink there, and asked him to leave. After a discussion regarding this request, and the reasons therefor, when the defendant would not leave the premises, the proprietor proceeded to a nearby street corner where a policeman was stationed, and asked that officers be dispatched to the restaurant.

The police officer to whom the request had been made, called the police station, and Officers Cecil Dasno and John Rumble, Jr., who were on duty in a patrol car, were instructed to proceed to Jasper's restaurant. They arrived there shortly before 10 o'clock in the evening, and found the defendant at the bar. A discussion ensued between the defendant, the proprietor and the police officers for approximately 15 or 20 minutes. The officers each testified that there were approximately 15 or 20 people in the establishment at the time, that the defendant was talking in loud tones, that his eyes were glassy and bloodshot, that his speech was thick, or slurred, and that he was intoxicated. The officers further stated that the defendant refused to leave. Finally he was arrested, and each officer took one of his arms and escorted him to the patrol car that was parked outside of the restaurant.

Prior to the time that the proprietor attempted to get the defendant to leave, a female employee had seen him at the bar during the evening. She had also seen him dancing, which was not permitted. The defendant had refused to stop when she asked him to do so.

Another employee, who was working at the bar, testified that she had known the defendant for some years, and had served him approximately three or four drinks of Scotch and water that evening. On cross-examination she testified that the defendant was not intoxicated.

An acquaintance of the defendant's testified that he was having dinner with his wife in the restaurant, and that the defendant arrived a little after 8 o'clock in the evening. After

stopping for a short visit at their table, the defendant proceeded to the bar. Once during the evening, the friend went to the bar and bought a drink for the defendant. When the officers arrived a little before 10 o'clock, the defendant was still at the bar, and his friend was at the table with his wife. The friend further stated that the defendant was not intoxicated.

Since the case was triable without a jury, it became the court's duty to determine from the testimony, whether the defendant was intoxicated.

The City Judge had an opportunity to observe the witnesses, to hear and evaluate their testimony, and to consider the interest, if any, that any witness might have had in the matter.

It is implicit in the finding of guilt, that he was convinced beyond a reasonable doubt that the defendant was guilty.

It is felt that this finding should not now be disturbed. There is ample evidence to sustain the verdict reached in City Court.

The guilt of the defendant was established beyond a reasonable doubt. The other errors alleged did not prejudice any substantial right of the defendant. The judgment of conviction should be affirmed in all respects.